**UNITED STATES BANKRUPTCY COURT**
**IN THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| **IN RE: Lawonda F Turner**<br>**Debtor(s)** | **CASE NO. 4:25-bk-11952**<br>**CHAPTER 7** |
| **LAWONDA FAYE TURNER,** | **PLAINTIFF** |
| **v.** | **ADVERSARY PROCEEDING**<br>**NO. 4:26-ap-01066** |
| **ONITY MORTGAGE CORPORATION**<br>**(f/k/a PHH MORTGAGE CORPORATION)** | **DEFENDANT** |

**<u>DEFENDANT'S MOTION TO DISMISS THE THIRD AMENDED ADVERSARY COMPLAINT PURSUANT TO FED. R. BANKR. P. 7012(b)</u>**

Defendant Onity Mortgage Corporation (f/k/a PHH Mortgage Corporation) ("Defendant"), by and through its counsel, respectfully moves this Court to dismiss Plaintiff Lawonda Faye Turner's ("Plaintiff") Third Amended Adversary Complaint with prejudice. In support thereof, Defendant states:

1. On October 30, 2026, Plaintiff filed her Third Amended Complaint in this adversary proceeding, alleging willful violations of the automatic stay, violations of the discharge injunction, breaches of TILA and RESPA servicing guidelines, and loss mitigation standards.
2. Plaintiff's Third Amended Adversary Complaint must be dismissed under Fed. R. Bankr. P. 7012(b)(5) because Plaintiff failed to effectuate proper service of process. Plaintiff improperly served Defendant's outside litigation counsel

rather than serving Defendant's designated registered agent as strictly mandated by the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 7004(b)(3).

3. Even if process had been properly served, Plaintiff’s adversary complaint is a transparent attempt to obtain a "second bite at the apple." It relies on the exact same factual calendar, correspondence, and transactions that this Court already litigated, evaluated, and conclusively denied in the main bankruptcy case.
4. On September 23, 2026, following a full evidentiary hearing where the parties appeared, this Court entered its final, valid *Amended Order Denying Motions* (Main Case Doc. No. 44). That Order permanently disposed of Plaintiff’s claims that Defendant willfully violated the discharge injunction, manufactured a default, or improperly handled her mortgage account.
5. Defendant requests this Court take formal judicial notice of its own underlying main case record—specifically Docket Entry Nos. 18, 23, 32, and 44—pursuant to Federal Rule of Evidence 201. These records conclusively establish that the active dispute is barred by res judicata (claim preclusion) and collateral estoppel (issue preclusion).
6. Consequently, Plaintiff fails to state a claim upon which relief can be granted as a matter of law under Fed. R. Civ. P. 12(b)(6), incorporated by Fed. R. Bankr. P. 7012(b).

**WHEREFORE**, Defendant, Onity Mortgage Corporation, respectfully requests that this Court enter an Order dismissing Plaintiff’s Third Amended Adversary Complaint with prejudice, and granting all other relief deemed just and proper.

Respectfully submitted,

By: /s/ Leontra Merriweather

**LEONTRA MERRIWEATHER (2025100)**
Attorney in Charge
lmerriweather@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
Redding Building
1701 Centerview Drive, Suite 207
Little Rock, AR 72211
Telephone: (501) 954-6003
Facsimile: (501) 588-0070

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 2nd day of November, 2026, a true and correct copy of the foregoing document was sent via U.S. First Class Mail or the court's electronic notification system to the following:

Lawonda Faye Turner
1724 Pilot Court
Jacksonville, AR 72076

Jack W. Gooding
Bankruptcy Trustee
P.O. Box 8202
Little Rock, AR 72221

U.S. Trustee
Office of The United States Trustee
200 W. Capitol, Ste. 1200
Little Rock, AR 72201

/s/ Leontra Merriweather
**LEONTRA MERRIWEATHER**